UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand fourteen.


PRESENT:

    JON O. NEWMAN,
    JOSÉ A. CABRANES,
    ROSEMARY S. POOLER,
              *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - -
THE NEW YORK TIMES COMPANY, CHARLIE SAVAGE,
SCOTT SHANE, AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
    Plaintiffs-Appellants,

        v.                Docket Nos. 13-422(L), 13-445(Con)


UNITED STATES DEPARTMENT OF JUSTICE, UNITED
STATES DEPARTMENT OF DEFENSE, CENTRAL
INTELLIGENCE AGENCY,
    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - -

ORDER

Pending before the Court is a motion by the Defendants-Appellees ("the Government") filed May 27, 2014, to file *ex parte* and *in camera* a motion to seek panel rehearing and in banc rehearing of this Court's April 21, 2014, decision. *See The New York Times Co. v. United States Department of Justice*, No. 13-422L, 2014 WL 1569514 (2d Cir. April 21, 2014). In a supporting affidavit the Government contends that it "cannot address . . . classified and privileged information in a public filing without mooting its arguments." Affidavit of Sarah S. Normand ¶ 5. The Government also asserts that, if the pending motion is granted, the petition for rehearing will be lodged with the Department of Justice's Court Security

Office on or before June 5, 2014, for transmission to the Court. *Id.* ¶ 7. June 5 is the deadline for the Government to file a petition for rehearing or rehearing in banc. *See* Federal Rules of Appellate Procedure 35(c), 40(a)(1). The Government also asserts that it "intends to prepare and to provide for public filing a version of the OLC-DOD Memorandum that includes the redactions in the Court-redacted version of the OLC-DOD Memorandum and the additional redactions that will be at issue in the petition for rehearing." Normand Affidavit ¶ 8.

Background

The background of this proceeding, relevant to disposition of the pending motion, is as follows.

1. On February 10, 2014, the Court provided the Government, *ex parte* and *in camera*, a redacted version of the Court's proposed public opinion and a partially redacted version of the OLC-DOD Memorandum to afford the Government an opportunity to advise the Court whether the filing of the opinion and the partially redacted Memorandum would inadvertently disclose material entitled to be kept secret.

2. The Government responded to the Court's February 10 communication in a motion, filed *ex parte* and *in camera*, on March 13, 2014. That response framed two issues.

(a) The first issue concerns redactions in the public opinion. The public opinion, filed April 21, 2014, made a number of redactions that the Government requested in order to preserve its opportunity for further appellate review. The opinion explained that these redactions are to be restored in the event that the opinion is not altered upon any further appellate review. *See New York Times*, typescript copy of opinion from Second Circuit website ("typescript copy") at 2, n.1; 2014 WL 1569514, at *17 n.1. The Government's March 13 motion identified (by blacking out words) four redactions in the proposed public opinion that it contended should remain redacted to protect classified information, even under the standards governing disclosure set forth in the public opinion. The first three appear at page 40, lines 4-6, of the typescript copy; *see New York Times*, 2014 WL 1569514, at *13.

We thought our language on page 40, lines 4-5, made it clear that we agreed with the Government that these three redactions should be made.  To eliminate any doubt, we now clarify that these three redactions are permanent, *i.e.*, they will not be restored even if no further appellate review occurs.  The fourth redaction appears at page 49, line 11, of the typescript copy; *see New York Times*, 2014 WL 1569514, at *16.  We agree with the Government that this redaction should also be permanent.  As a consequence of making that redaction permanent, we will amend the public opinion on page 50, line 2, and on page 52, line 2, to add numbers 252-54 and 268 to the list of documents on OLC's classified *Vaughn* index whose number, title, and description need not be disclosed.

(b) The second issue raised by the Government's March 13 motion concerns redactions in the OLC-DOD Memorandum.  The public opinion redacted the entire OLC-DOD Memorandum in order to preserve the Government's opportunity for further appellate review, and also made several specific redactions in the OLC-DOD Memorandum that are to be permanent, *i.e.*, not restored even if no further appellate review occurs.  In its March 13 motion, the Government represented that the OLC-DOD Memorandum "even with the redactions made by the Court, appears inadvertently to leave unredacted some information that remains classified or privileged after applying the Court's own analysis."  March 13 Motion at 3.  Although we had requested the Government to identify any passages that we had inadvertently failed to redact, the Government's March 13 motion identified such passages only in the public opinion, but did not identify any such passages in the already redacted version of the OLC-DOD Memorandum.

3. On April 21, 2014, this Court issued a public opinion that made several redactions at the request of the Government.  The reason for the redactions and the circumstances under which the redacted material would be restored were explained in that opinion as follows:

> The redactions in the text of this opinion, most of
> which refer to the content of the OLC-DOD Memorandum,

> disclosure of which is the primary subject of this appeal, are being made at the request of the Government to preserve its opportunities for further appellate review of our ruling requiring disclosure of a redacted version of that Memorandum. In the event that our ruling requiring disclosure of a redacted version of the Memorandum is not altered in the course of any further appellate review, an unredacted version of this opinion, together with a redacted version of the OLC-DOD Memorandum, will be filed.

*New York Times*, typescript copy at 2, n.1; 2014 WL 1569514, at *17 n.1.

The Court also filed a sealed opinion, with redactions from the public opinion double-underlined to facilitate any further appellate review. The sealed opinion also contained, as Appendix A, a redacted version of the OLC-DOD Memorandum.

Discussion

The Government's pending motion raises two issues.

1. The first issue concerns the requested relief to file a petition for rehearing *ex parte* and *in camera*. The Government contends that this type of filing is necessary to protect classified information and that it follows two previous instances where the Court permitted the Government to make *ex parte* and *in camera* submissions. *See* Norman Affidavit ¶¶ 5, 6. However, neither of the two previous *ex parte* and *in camera* submissions concerned secrecy for an entire motion. On August 27, 2013, the Court permitted the Government to file *ex parte* and *in camera* classified inserts to its appellate brief. On October 18, 2013, the Court permitted the Government to file *ex parte* and *in camera* a supplemental submission to respond to questions posed at oral argument.

We see no reason why the Government cannot prepare and serve its petition for rehearing in the normal course, redacting any particular portions that require secrecy and submitting only those redacted portions to the Court *ex parte* and *in camera*.

2.  The second issue concerns the Government's assertion that it "intends to prepare and to provide for public filing a version of the OLC-DOD Memorandum that includes . . . the additional redactions that will be at issue in the petition for rehearing." Normand Affidavit § 8.  No date is specified for this presentation of a version of the OLC-DOD Memorandum with additional redactions beyond those already made by the Court.  Perhaps the Government intends to specify those additional redactions in its rehearing petition, but clarity on this point is needed.

    Accordingly, it is hereby ORDERED that

    (1) The Government's motion to file a petition for rehearing *ex parte* and *in camera* is DENIED, provided, however, that the Government may file *ex parte* and *in camera* those portions of its petition for rehearing (including supporting documents) that it believes in good faith require secrecy.

    (2) The Government shall provide the Court *ex parte* and *in camera* by June 5, 2014, those additional passages of the OLC-DOD Memorandum that it believes, with justification, should be permanently redacted under the standards set forth in the Court's public opinion.  These additional passages should be identified with precision by reference to the redacted version of the OLC-DOD Memorandum filed as Exhibit A to the Court's sealed opinion.

    The parties should be prepared for oral argument on the petition for rehearing on Monday, June 9, 2014, at 2 p.m.  The Court will advise the parties by 5 p.m. on Friday, June 6, 2014, whether oral argument will be necessary.

                                    FOR THE COURT,
                                    Catherine O'Hagan Wolfe, Clerk