UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

THE NEW YORK TIMES COMPANY, :
CHARLIE SAVAGE, SCOTT SHANE, :
AMERICAN CIVIL LIBERTIES UNION, :
AMERICAN CIVIL LIBERTIES UNION :
FOUNDATION, :
 :
        *Plaintiffs-Appellants,* :   Docket Nos.
   v. :   13-422(L), 455(Con)
 :
UNITED STATES DEPARTMENT OF :
JUSTICE, UNITED STATES :
DEPARTMENT OF DEFENSE, :
CENTRAL INTELLIGENCE AGENCY, :
 :
        *Defendants-Appellees.* :

---

## [U] PETITION FOR PANEL REHEARING AND, IN THE ALTERNATIVE, REHEARING EN BANC ~~[FILED UNDER SEAL, EX PARTE, IN CAMERA]~~

TOP SECRET ███████████████████████████████████

[U] Defendants-appellees the Department of Justice (DOJ), the Department of Defense (DOD), and the Central Intelligence Agency (CIA), respectfully petition for rehearing of this Court's April 21, 2014 decision with respect to three distinct, limited categories of classified and privileged information. The information's disclosure is not encompassed within the analysis in the Court's opinion, and thus appears to be mistaken or inadvertent. Defendants do not here renew the argument that the "OLC-DOD Memorandum" may be withheld in full under the Freedom of Information Act (FOIA).

[U] The government seeks rehearing on three grounds. First, publication of the Court-redacted version of the OLC-DOD Memorandum would disclose the existence of information that the Court held "warrants continued secrecy." Slip op. 40. Second, the Court's decision compels disclosure of certain other discrete classified and privileged information in the OLC-DOD Memorandum that is subject to exemption claims that are distinct from the basis for withholding the entire OLC-DOD Memorandum and that have never been analyzed or ruled on by any court. Third, the Court's order compelling disclosure of portions of a classified *Vaughn* index (a document wholly distinct from the OLC-DOD Memorandum) prepared for the district court's use would reveal substantial amounts of privileged and classified information to which plaintiffs have no entitlement under FOIA.

TOP SECRET ███████████████████████████████████

1

TOP SECRET ███████████████████

[U] The Court should (a) permit further redactions to the Court-redacted version of the OLC-DOD Memorandum to protect this information from compelled disclosure; (b) make modifications to its decision to correct certain isolated factual errors identified below (in notes 1 and 2), before unsealing that decision; and (c) withdraw its order requiring public disclosure of the *Vaughn* index. This petition presents questions of exceptional importance, because public disclosure of the protected information could reasonably be expected to cause exceptionally grave harm to national security and to compromise confidential government deliberations. Should the panel decline to grant the relief sought in this petition, the government respectfully requests that the *en banc* Court grant rehearing on these limited but exceptionally important issues.

## STATEMENT

[U] In this case, the panel held, *inter alia*, that (i) a Court-redacted version of the OLC-DOD Memorandum must be publicly released; and (ii) the government must disclose portions of a classified *Vaughn* index that was submitted to the district court *in camera*. As particularly relevant here, the Court's decision holds that "the OLC-DOD Memorandum was properly classified and that no waiver of any operational details in that document has occurred," but that as to the Memorandum's legal analysis, the government has waived the protections of FOIA

TOP SECRET ███████████████████

TOP SECRET ███████████████

Exemptions 1 and 5 by voluntary disclosure. Slip op. 31-32, 37-38.[1] The panel decision makes clear, however, that certain information in the legal-reasoning portion of the OLC-DOD Memorandum should remain secret, including information that "the Government persuasively argues warrants continued secrecy." Slip op. 40.



[2]

---

[1] [U] The Court upheld the Department of Defense's withholding of two memoranda from DOD legal counsel to the White House National Security Council Legal Advisor, slip op. 16, 44-45, but the panel decision at one point misdescribes the documents as "OLC legal memoranda," *id.* at 45, which should be corrected.

[2] [U] [CONTAINS INFORMATION UNDER SEAL] The Court also compels disclosure of information in the OLC-DOD Memorandum revealing that it was contemplated that the CIA could have an operational role in a proposed lethal operation against Anwar al-Awlaki. Slip op. 40. In reaching this conclusion, the Court relies in part on ███████████████████████████████████ ███████████████████████ Sealed op. 44-45; *see also id.* ███████ ██████████████████████████████████████). The Court was

TOP SECRET ██████████████

TOP SECRET ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[U]  Before issuing its decision, the Court provided drafts of the panel opinion and attachment to the government and requested a classification review. The government responded and also moved to stay release of portions of the Court's opinion and attachment (*i.e.*, the Court-redacted version of the OLC-DOD Memorandum) in its entirety, in order to preserve the government's ability to determine whether to seek further review of the merits of the Court's legal rulings. The government also noted that the Court-redacted version of the OLC-DOD Memorandum "appears inadvertently to leave unredacted some information that remains classified or privileged after applying the Court's own analysis." Mar. 12, 2014 Classification Review Response 3. The government further explained that "the Court's redactions in the Court Attachment would release, apparently inadvertently, classified and/or privileged information that was not addressed in the Opinion." *Id.* at 14 n.3. And the government noted that certain classified and privileged information in the classified OLC *Vaughn* index that had not been analyzed in the Court's decision was being ordered disclosed. *Id.*[3]

---

mistaken on this point, however. Mr. Panetta ceased serving as CIA Director and became Secretary of Defense nearly three months before al-Awlaki's death.

[3] [U]  The Court's May 28, 2014 order stated that the Court had previously requested the Government to identify any passages [in the Court-redacted version of the OLC-DOD Memorandum] that [the Court] had inadvertently failed to redact," but the government had understood the Court's previous classification

TOP SECRET ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

TOP SECRET ███████████████████████████

[U] The public version of the panel's April 21 decision contained certain redactions made at the request of the government, including to preserve its opportunities for further review. *See* slip op. 2 n.1. The Court indicated that, if its decision is not altered in the course of any further review, the opinion will be filed publicly, along with the Court-redacted version of the OLC-DOD Memorandum. The unredacted panel opinion and the Court-redacted version of the OLC-DOD Memorandum were filed under seal.

[U] This petition for rehearing seeks to protect information that remains classified, protected by statute, and privileged. In tandem with this petition, and in accord with the Court's May 28 Order, the government is providing *ex parte* and *in camera* two redacted versions of the OLC-DOD Memorandum that contain redactions made by the Court as well as the additional redactions that are the

---

review to be a request to identify what in the panel decision needed to be redacted because it remained classified even under the analysis of the panel decision. The government did not view the *ex parte* classification review as an appropriate means to seek any changes in the substance of the Court's legal rulings or the relief ordered, *e.g.*, with respect to redactions in the OLC-DOD Memorandum, but rather sought a stay to allow the government time to determine whether to seek any such changes through the appropriate vehicle of a rehearing petition. *See, e.g.*, Mar. 12, 2014 Classification Review Response ("The defendants-appellees respectfully respond to the Court's directive to submit for classification review the Court's opinion * * *."). The government regrets any confusion, and seeks rehearing on these issues at this time, given the important public interest in protecting properly classified and privileged information.

TOP SECRET ███████████████████████████

~~TOP SECRET~~ ███████████████████

subject of this petition for rehearing. The first version is intended as a permanent *ex parte, in camera* filing that highlights the redactions so the Court can read the text and identifies in the margin the FOIA exemption that is the basis for each redaction. The second version is submitted *ex parte* and *in camera* at this point in time but whites out all the redactions proposed in the petition for rehearing as well as the redactions made by the Court so that the text cannot be read; this version could be released publicly by the Court if it agrees with the redactions requested in this petition. This second version should not be publicly released before the Court rules on this petition because, if the Court denies relief, the proposed redactions will highlight the very information the government seeks to protect. If the Court grants the petition for rehearing, this version of the OLC-DOD Memorandum is appropriate for public filing, but if the Court rejects any of the redactions proposed by the government in the petition for rehearing, the government will provide a final redacted version of the OLC-DOD Memorandum for public release that conforms with the final judicial ruling once any further review is complete.

## REASONS FOR REHEARING

[U]   This Court should grant rehearing to protect three categories of information that are not properly subject to compelled disclosure, and the disclosure of which does not follow from the reasoning of the panel decision.

~~TOP SECRET~~ ███████████████████

Compelled disclosure of that information, which is classified, protected by statute, and/or privileged, reasonably could be expected to cause exceptionally grave damage to national security and to significantly undermine the government's ability to engage in confidential deliberations and to seek legal advice.

████████████████ 1. The Court's decision explicitly upholds the withholding of information about ██████████████, which is classified at the highest levels. *See* slip op. 40. The Court explains that "[w]e will redact all references" to that information in the OLC-DOD Memorandum.

████████████████ Apparently as a result of inadvertence, however, the Court-redacted version of the OLC-DOD Memorandum does not redact all references to ████████████████████████████████████████████. Absent further redaction, the Court would disclose statements in the Memorandum that ████████████████████████████████████████████████████████████████████████████████████████████████████████████ The Court-redacted version of the Memorandum also leaves unredacted a reference to ████████████████████████████████████████████.

███

███ The Director of the CIA's National Clandestine Service explained in a classified declaration filed in the district court

███

TOP SECRET █████████████████

[U] 2. The panel's decision reverses the district court's holding that the OLC-DOD Memorandum may be withheld in full under Exemption 5. Rather than following the usual practice of remanding to the district court for admission of the Memorandum into the record and to permit the government to propose specific line-by-line redactions and to submit declarations supporting them, however, this Court took the unusual step of attaching the OLC-DOD Memorandum to its decision and making its own redactions. But the Court's legal rulings—that the government has officially disclosed that the Agency had a role in the operation that killed Anwar al-Awlaki, and that the government waived privilege for legal analysis in the OLC-DOD Memorandum—do not encompass other, discrete information in that Memorandum that remains classified and privileged and thus exempt from disclosure. No court has yet considered whether that information is exempt under Exemptions 1, 3 and/or 5, because the district court's holding that the Memorandum was exempt in its entirety made it unnecessary to do so.

███████████████████ The following information in the Memorandum, none of which is encompassed by the Court's holdings, is exempt because it remains classified, protected by statute, and/or privileged:

* the citation to and description of an OLC memorandum cited at page █ █;

TOP SECRET █████████████████

TOP SECRET █████████████

* the citation to and description of an OLC memorandum cited at pages ███ █████████████;

* a citation to a memorandum to OLC at page ██████████████; and

* the citation and description of a memorandum at page ████████ █████████████.

* the phrase immediately following "airplane attack, and" through the end of the sentence at page 32, lines 10-11 (which discloses information from classified sources and methods);

* the phrase ████████████████████;

* the phrase ██████████████████████ ██████;

* the phrase ████████████████████████ ██████.

* a classified code word at the end of ████████████████. The Court redacted these classification markings from the rest of the document, but appears to have inadvertently left this partial classification marking unredacted.

* the citation at page 25 n.31 to information regarding certain operations.

* the citation to and description of an OLC memorandum at pages 16 nn. 14 & 16.

* the carryover paragraph at pages 31-32. The contents of this paragraph, which cites to and discusses ████████████████████████████, are privileged. For the same reasons, redactions must be made at in the carryover paragraph at pages 38-39; and page 41 in three places (one of which, in context, is also classified;

[U]   The Court's decision does not address these discrete items of information or the exemptions that apply to them. The identified information should be redacted from the version of the OLC-DOD Memorandum that is

TOP SECRET ████████████

10

<del>TOP SECRET</del> ███████████████████████████

publicly released. At the very least, this highly sensitive information should not be disclosed without permitting the government to submit declarations supporting exemption claims to the district court. Remand to the district court would therefore be appropriate to address these issues.

[U] 3. Finally, the Court's decision compels disclosure of specified portions of a classified *Vaughn* index of OLC documents submitted to the district court *ex parte* and *in camera*. But the Court has not identified the legal ground for ordering disclosure of the index. The *Vaughn* index is not a responsive document that the government was required to disclose in response to the FOIA requests. Indeed, the index did not exist when the FOIA requests were processed. Rather, a *Vaughn* index is prepared by the government during litigation "to assists courts and FOIA requesters when the agency claims responsive documents are exempt from disclosure." *Campaign for Responsible Transplantation v. FDA*, 511 F.3d 187, 190 (D.C. Cir. 2007). Furthermore, in litigating exemptions under FOIA, the government may in appropriate cases make an *in camera, ex parte* submission for the Court's review. *See, e.g., ACLU v. Dep't of Justice*, 681 F.3d 61, 70 (2d Cir. 2013); *ACLU v. CIA*, 710 F.3d 422, 432-33 (D.C. Cir. 2013); *cf. John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 110 (2d Cir. 1988) (suggesting that *in camera* review of a *Vaughn* index is "unusual," but noting that procedure has been

<del>TOP SECRET</del> ███████████████████████████

TOP SECRET █████████████████████

permitted in "cases implicating national security interests"), *rev'd*, 493 U.S. 146 (1989).

[U] This Court rejected the government's argument on appeal that it could refuse to confirm or deny the existence of certain responsive documents, or to provide any information about the number or nature of any such responsive documents. Slip op. 52. It does not necessarily follow, however, that the government does not have an interest in protecting information contained in a classified *Vaughn* index that is not itself subject to the FOIA request and was never intended to be disclosed publicly. Indeed, although the plaintiffs challenged the government's "Glomar" and "no number, no list" responses to the FOIA requests, they did not seek disclosure of OLC's classified *Vaughn* index, but instead argued that the government should prepare and produce a public *Vaughn* index. New York Times Reply Br. 2 (arguing that the Department of Justice should be "required to create a *Vaughn* index of responsive materials"); ACLU Reply Br. 15 ("The Court should order the government to finally provide the *Vaughn* declaration that the FOIA required it to provide nearly two years ago").

[U] The consequences of such a ruling are significant. Many of the listings in the *Vaughn* index ordered disclosed by the Court contain information that is classified, protected by statute, and/or privileged, the disclosure of which can

TOP SECRET █████████████████████

reasonably be expected to harm national security and to damage the government's ability to engage in confidential deliberations and to seek confidential legal advice.

███████ Thus, for example, although the Court clarified in its May 28 Order that information relating to ███████ should be permanently redacted from its decision, and that certain listings in the OLC *Vaughn* index relating to ███████ may be withheld, the Court continues to require the public disclosure of other listings that relate to ███████, which reveal information that is classified, protected by statute, and privileged. The listings ordered disclosed by the Court reveal that ████████████████████████████████████ ██████████████████████ (listings 250, 262, 263, 264, 265 and 271), and that, ████████████████████████████████████████ (listing 271). The Court's decision is also unclear as to whether OLC must disclose listing numbers 244, 246, 248 and 256—each of which discloses that OLC was ████████████████████████████████████████████████████████████████ ████████████████████████████████████. *Compare* slip op. 49 line 10-11 (ordering disclosure of listings 244, 246, 248 and 256); *with* slip op. 50, line 2 (permitting withholding of listings 255-261), and slip op. 52 line 2 (permitting withholding of listings 244-249 and 255-261). The plaintiffs have never argued that the U.S. Government has officially disclosed that ████████████████

~~TOP SECRET~~ ███████████

███████. None of the public statements referenced in the Court's decision concerns ███████. It thus appears that the proposed disclosure of these listings in the OLC *Vaughn* index is in error.

███████ Other information in the *Vaughn* index that the Court has ordered disclosed also remains privileged and/or classified notwithstanding the rulings of the panel decision. For example, listings 57-68, 70-74, 76-79, 83, 88-110, 116-119, and 123-130 describe information provided to OLC by various agencies in connection with OLC's preparation of pre-decisional legal advice. The content of information provided to one's lawyer in connection with a request for legal advice is typically protected by the attorney-client privilege, *see, e.g., In re Six Grand Jury Witnesses*, 979 F.2d 939, 945-46 (2d Cir. 1992), and in this context is also protected by the deliberative process privilege. John Bies Classified Decl. ¶¶ 23-25, 34-36. Further, listings 67, 118 and 119 disclose that ███████ ███████████████████████████

███████. Other listings reveal information regarding requests for OLC legal advice, its interagency deliberations, and its draft work product. And others reveal descriptions and dates of intelligence products that would reveal the substance and timing of classified assessments of al-Qa'ida in the Arabian Peninsula.

~~TOP SECRET~~ ███████████

TOP SECRET

[U] Although the government cannot provide a comprehensive analysis of the *Vaughn* index within the space constraints of this petition, these examples should make clear that the Court's order to produce portions of the *Vaughn* index would improperly compel the disclosure of highly sensitive information that, in addition to not being contained in a FOIA-responsive document, would be exempt under FOIA. This case should be remanded to the district court, and the government should be given the opportunity to prepare a *Vaughn* index that is suitable for filing on the public record.

## CONCLUSION

[U] The government requests that the Court grant panel rehearing and modify the panel decision to correct factual errors before unsealing the decision, withdraw its holding requiring release of the *Vaughn* index, and further redact the Court-redacted version of the OLC-DOD Memorandum as described herein before public release. Should the panel deny rehearing, the *en banc* Court should grant the petition and provide the relief sought herein.

TOP SECRET ███████

Respectfully submitted,

| | |
|---|---|
| PREET BHARARA<br>*United States Attorney for the*<br>*Southern District of New York* | STUART F. DELERY<br>*Assistant Attorney General* |
| | BETH S. BRINKMANN<br>*Deputy Assistant Attorney General* |
| SARAH S. NORMAND<br>*Assistant United States Attorney* | DOUGLAS N. LETTER<br>MATTHEW M. COLLETTE |
| | /s/ Sharon Swingle<br>SHARON SWINGLE<br>*Attorneys, Appellate Staff*<br>*Civil Division*<br>*United States Department of Justice* |

*Attorneys for Defendants-Appellees*

TOP SECRET ███████

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2014, the Petition for Rehearing And, In the Alternative, Rehearing En Banc was filed with the Court by lodging it with the Court Security Officer. A redacted version of the Petition for Rehearing was filed with the Court and served on opposing counsel through the CM/ECF system.

/s/ Sharon Swingle
SHARON SWINGLE
*Counsel for Defendants-Appellees*